**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY  JONES | : | Case No. 1:23-CV-690 |
| 524 Townview Circle East | | |
| Mansfield, Ohio  44907, | : | |
| | | Refiled Case No. 1:22-CV-1330 |
| Plaintiff, | : | |
| | | JUDGE |
| vs. | : | |
| | | |
| DENIS R. MCDONOUGH, SECRETARY | : | |
| United States Department Of Veterans | | **COMPLAINT** |
| Affairs | : | |
| 810 Vermont Avenue, NW | | **(JURY DEMAND ENDORSED HEREON)** |
| Washington, DC  20420, | : | |
| | | |
| Defendant. | : | |
| . . . . . . . . . . . . | | |

Plaintiff Jeffrey Jones hereby sues defendant Denis R. McDonough, Secretary, United States Department of Veterans Affairs, and, for his Complaint, hereby states as follows:

1.     This Court has original jurisdiction over this matter as an action brought under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et seq. as amended in 1972 and the Civil Rights Act of 1991. Other pendent state law claims made hereunder are pursuant to this Court's ancillary jurisdiction.

2.     Venue is proper in this Court as all acts and omissions upon which the Complaint in this action is based on events that took place in this judicial district.

3. All administrative remedies and jurisdictional conditions precedent to this action, including all matters related to an Equal Employment Opportunity Commission administrative matter have taken place and have been satisfied and exhausted including the Notice of Right To File a Civil Action in this matter issued by the EEOC on May 4, 2022.

## PARTIES

4. Plaintiff restates and realleges the allegations of paragraphs 1 through 3 above of this Complaint as if fully restated herein.

5. Plaintiff Jeffrey Jones is an individual and a resident of Richland County, Ohio and was previously employed at the Mansfield Veterans Administration Outpatient Clinic. Plaintiff is a male.

6. Defendant Denis R. McDonough, Secretary, United States Department of Veterans Affairs, (the VA) is the Secretary of the VA, an agency of the United States government.

## STATEMENT OF FACTS

7. Plaintiff restates and realleges the allegations of paragraphs 1 through 6 above of this Complaint as if fully restated herein.

8. Plaintiff was employed in the Mansfield Ohio Community Based Outpatient Clinic ("Mansfield CBOC") of the Cleveland Region of the Veteran's Administration from July 12, 2015 through April 24, 2017.

9. Plaintiff is a licensed and certified Advance Practice Registered Nurse ("APRN") in psychiatry. APRN licensure qualifies Dr. Jones to both perform psychotherapy and prescribe to and manage medication for psychiatric patients.

10. Plaintiff was supervised by Lisa Salser, a fellow APRN and defendant VA's Mansfield CBOC Mental Health Manager.

11. In July 2016, Salser performed an annual review of plaintiff. That review identified no significant performance problems nor any indication of interpersonal problems or inappropriate conduct. Plaintiff received an overall rating of "High Satisfactory" in this review.

12. In this performance evaluation, Salser specifically recognized plaintiff's expertise in sex therapy and the fact that plaintiff was not only providing such services to veterans at the Mansfield CBOC but was also providing consultative services in this area to other VA providers.

13. In the late fall of 2016, Salser received complaints about certain aspects of plaintiff's clinical practice from two VA employees, Lisa Baker, a RN, and Lavon Dulin, a LPN.

14. Salser investigated these complaints and found no merit to them. In addition, an independent VA psychiatrist also reviewed such and likewise found no merit to the complaints.

15. The day after Baker's complaints about plaintiff's clinical practice were found to be unfounded, Baker filed an internal complaint with the VA that plaintiff had engaged in sexual harassment toward her.

16. This claim was investigated and the VA's Fact-Finding Committee found that Baker was "not credible" and that sexual harassment by plaintiff had not been demonstrated.

17.     The Committee specifically found the following:

"in the work environment of the Mansfield CBOC, at least in the Mental
Health area, a workplace culture exists (and has existed for a number of
years) where inappropriate behavior and conduct including but not limited
to: comments, jokes and visual footage of a sexual nature is not only
commonplace but accepted. …. The persistence of this toxic culture has
compromised the clinic's integrity, employee morale, communication among
staff and at times, the timeliness and quality of care received by its patients.
The FFC recommends that the inappropriate behavior evidenced in this
report be communicated to the EEO Manager, Service Chiefs and Human
Resources for their review and appropriate action."

18.     As to the claims against plaintiff, the Committee specifically found that
conduct claimed, even if true, had not been unwelcome and that Baker herself routinely
engaged in sexually based and sexually inappropriate conduct in the workplace.

19.     During this investigation, no one other than plaintiff, the only male
implicated, was investigated or disciplined in any way, let alone removed from the
Mansfield CBOC or terminated.

20.     Plaintiff was removed from the Mansfield CBOC immediately after Baker
made her claim and he was assigned to a far distant office where he was not permitted to
see or interact with any patients. No female employees were subjected to such action.

21.     In fact, no female, including Baker, was investigated or disciplined in any
way as a result of any of the investigation or any of the Committee's findings.

22.     Further, neither Baker nor Dulin, both females, were disciplined in any
fashion for reporting invalid and defamatory alleged "clinical concerns" about plaintiff that
were found to be without merit by qualified VA reviewers.

23.     Baker was not disciplined in any way for having been specifically found to be non-credible related to the sex harassment allegations she made against plaintiff.

24.     Plaintiff, a male, was the only employee investigated or disciplined.

25.     Prior to this time, plaintiff made multiple specific reports and submitted written complaints regarding the conduct of another female employee (Dulin) toward him. He reported that Dulin was creating a hostile work environment and was bullying him. He also reported that Dulin was inappropriately giving medical opinions to patients and taking other actions beyond her licensure and scope of practice as a Licensed Practical Nurse.

26.     No action was taken by anyone toward this female employee nor were plaintiff's complaints in this regard even addressed by the VA.

27.     After the Committee's investigation and findings, even though the Committee had found no sex harassment by plaintiff and the clinical and other concerns raised about plaintiff had been determined to be invalid, he was nonetheless referred to a VA Professional Standards Board and, ultimately, recommended for termination based on these same underlying false and fallacious reasons.

28.     As a result, defendant VA terminated plaintiff's employment on April 24, 2017.

## COUNT I – FEDERAL EMPLOYMENT DISCRIMINATION

29.     Plaintiff restates and realleges the allegations of paragraphs 1 through 28 above of this Complaint as if fully restated herein.

30.     Plaintiff was qualified for his position from which he was terminated.

31.     Plaintiff was a member of a protected category as a male.

32.     Plaintiff had multiple negative job actions taken against him by defendant VA.

33.     Defendant VA, through its agents and employees, intentionally discriminated against plaintiff by treating him differently as a male than female employees in his employment and in ultimately terminating his employment based on his gender.

33.     Defendant VA's actions violate 42 USC 2000e, et seq.

34.     As a proximate result of defendant's violation of plaintiff's rights, plaintiff has been injured and is entitled to damages and make whole equitable relief.

35.     Defendant's conduct as alleged herein was intentional, willful, wanton, reckless, malicious, outrageous or otherwise aggravated beyond mere negligence.

36.     Defendant acted with malice and reckless indifference to the federally protected rights of plaintiff. As a result, plaintiff is entitled to punitive damages.

## COUNT II – STATE EMPLOYMENT DISCRIMINATION

37.     Plaintiff restates and realleges the allegations of paragraphs 1 through 36 above of this Complaint as if fully restated herein.

38.     Defendant VA's actions violate Ohio Revised Code 4112 and other statutory and common law of the State of Ohio.

39.     As a proximate result of defendant's violation of plaintiff's rights in this regard, plaintiff has been injured and is entitled to damages and make whole equitable relief.

40.     Defendant's conduct as alleged herein was intentional, willful, wanton, reckless, malicious, outrageous or otherwise aggravated beyond mere negligence.

41.     Defendant acted with malice and reckless indifference to the federally protected rights of plaintiff. As a result, plaintiff is entitled to punitive damages.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.     Plaintiff restates and realleges the allegations of paragraphs 1 through 41 above of this Complaint as if fully restated herein.

43.     As a proximate result of the above-described conduct, plaintiff has suffered severe humiliation, mental anguish and emotional distress, all to his damage.

44.     Defendant's conduct was intentional, malicious, willful and wanton and done for the purpose of causing plaintiff to suffer humiliation, mental anguish and emotional distress.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45.     Plaintiff restates and realleges the allegations of paragraphs 1 through 44 above of this Complaint as if fully restated herein.

46.     Defendant knew, or should have known, that its conduct as aforesaid and otherwise would cause plaintiff severe emotional distress.

47.     As a proximate result of defendant's acts or omissions and the consequences proximately caused by them, as hereinabove alleged, plaintiff suffered severe emotional distress and mental suffering, all to his damage.

**WHEREFORE**, plaintiff demands judgment against defendant VA in an amount presently unknown but which will be proven at trial but in excess of Five Hundred

Thousand Dollars ($500,000.00), punitive damages, interest, his attorneys' fees and costs

of this action and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ J. Jeffrey Heck
J. Jeffrey Heck (#0039986)
THE HECK LAW OFFICES, LTD.
One Marion Avenue, Suite 215
Mansfield, Ohio 44903
Phone:  (419) 524-2700
Fax   :  (419) 524-2710
E-Mail:  jheck@hecklawoffices.com
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by Jury in this cause pursuant to Rule 38, Federal Rules of

Civil Procedure.

/s/ J. Jeffrey Heck
J. Jeffrey Heck (#0039986)
THE HECK LAW OFFICES, LTD.
*Attorney for Plaintiff*